Mary Jo MELSHA, Respondent,

v.

WICKES COMPANIES, INC., d/b/a Wickes Furniture, Appellant.

Nos. C5–90–237, C4–90–861.

Court of Appeals of Minnesota.

Aug. 21, 1990.

Review Denied Oct. 25, 1990.

Douglas A. Hedin, Minneapolis, for respondent.

Mary E. Steenson, Charles E. Lundberg, Bassford, Heckt, Lockhart, Truesdell & Briggs, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Tracey Evette Burton, Asst. Atty. Gen., St. Paul, observer.

Considered and decided by GARDEBRING, P.J., and PARKER and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

Respondent, an employee of appellant, was awarded $135,704 in damages resulting from appellant's sexual harassment, retaliation and negligent infliction of emotional distress. Appellant challenges the trial court's doubling of the compensatory damage award, its failure to dismiss the negligent infliction of emotional distress claim, and the evidentiary support for several of its findings. We affirm the award and the findings, and reverse the failure to dismiss a claim.

## FACTS

Respondent Mary Jo Melsha worked as a sales consultant for appellant Wickes Furniture from October 1984 until November 1987. She was found to have suffered sexual harassment from 1984 until September 1987; the statute of limitations period, 300 days before the suit here, extended back to July 1987. Rejecting the advisory jury's special verdict finding, the trial court also found that Wickes had retaliated against respondent after she complained to Wickes and after she subsequently contacted the Human Rights Department, and that she had been constructively discharged.

Coinciding with the advisory jury's special verdict, the trial court awarded the state a $10,000 civil penalty and awarded respondent $31,602 in compensatory damages, $50,000 in past emotional distress damages, and $2500 for future medical expenses. The trial court differed from the jury in finding respondent was also entitled to $20,000 in future emotional distress damages, and in choosing to double the compensatory damages.

## ISSUES

1. Did the trial court abuse its discretion in doubling the past actual damage award?

2. Did the trial court err in not dismissing respondent's claim for the negligent infliction of emotional distress?

3. Are the trial court's findings of fact clearly erroneous, i.e. unsupported by the evidence in the record?

## ANALYSIS

1. Appellant disputes the doubling of the past actual damages. Minn. Stat. § 363.071, subd. 2 (1986) permits

compensatory damages in an amount up to three times the actual damages sustained * * * [and] damages for mental anguish or suffering and reasonable attorney's fees, in addition to punitive damages in an amount not more than $6,000.

The statute reflects the strong legislative purpose for full and adequate compensation of victims, and the realization that this may exceed the actual damage sustained. It is within the discretion of the trial court to determine whether, in the interests of justice, the actual damages must be multiplied in order for a victim to be fully compensated.

> The general purpose of the Minnesota Human Rights Act, § 363.01–.15, is to redress the wrongs suffered by the victims of discrimination. Treble damages are a fixed multiple of the compensatory damages. And, the degree of culpability of the employer need not be considered in awarding treble damages.

> The compensatory nature of treble damages under § 363.071 is [clear.] It labels the treble damages as "compensatory damages," and it * * *, section 363.071 also provides for punitive damages in addition to treble damages.

*Convent of the Visitation School v. Continental Casualty Co.*, 707 F.Supp. 412, 416 (D.Minn.1989) (citations omitted). Here the trial court specifically addressed the need for doubling of some damages to give respondent adequate redress. The court observed that respondent suffered a long period of helplessness, along with efforts to cope without giving up her job, due to ongoing incidents of abuse. On its findings of wrongdoing and damage, the trial court did not err in deciding to double actual compensatory damages of $31,602.

Although it was an unnecessary consideration, the trial court's order and memorandum indicate that it did take into account the employer's culpability when it doubled the damages. This court addressed à similar situation in *State by Cooper v. Moorhead State University*, 455 N.W.2d 79 (Minn.App.1990), where an administrative law judge awarded punitive damages. The trebling of actual damages

was based on "the same factors as the law requires with respect to punitive damages." *Id.* at 84. The award was affirmed:

> [E]ven if the administrative law judge improperly used the punitive damage standard for awarding treble compensatory damages, such standard is actually higher than necessary, and was therefore not prejudicial.

*Id.* Thus, in the earlier view of this court, punitive intent does not invalidate trebling actual damages where additional punitive damages have been awarded. Here no punitive damages were awarded, and actual compensatory damages were doubled. There was no abuse of discretion in the trial court's decision to double the actual damage determination.

■ 2. Appellant also argues that the trial court erred in not dismissing respondent's claim for the negligent infliction of emotional distress. This did not affect the award, because the trial court declined to duplicate the emotional distress damages assessed under the human rights claim.

Respondent alleged no separate facts to support her claim of negligent infliction of emotional distress. Appellant contends that this claim is therefore barred on legal grounds, because the Minnesota Human Rights Act expressly preempts recovery under an alternate claim which is supported by the same facts. "[A]s to acts declared unfair by sections 363.03 and 363.-123, the procedure herein provided shall, while pending, be exclusive." Minn.Stat. § 363.11 (1986). The alleged sexual harassment falls under section 363.03, and these remedial proceedings preclude other tort claims premised on the same facts. As this court has observed before,

> [t]he balanced legislative scheme for handling Human Rights Act claims cannot be implemented if aggrieved parties can circumvent the balance by bringing parallel tort claims.

*Wirig v. Kinney Shoe Corp.*, 448 N.W.2d 526, 531 (Minn.App.1989) *pet. for rev. granted* (Minn. Jan. 23, 1990). Both parties agree that if *Wirig* is affirmed, respondent's negligent infliction of emotional dis-

tress claim would be barred. The trial court acknowledged the holding in *Wirig,* and its acceptance of the claim was premised on uncertainty how the decision would be affected by supreme court review. At present, we have no cause to disregard this part of the holding in *Wirig;* we rather confirm it. Because no damages were awarded on the negligent infliction of emotional distress claim, we reverse solely to exclude the judgment that this was a valid cause of action.

3. On appeal, the findings of a trial court sitting without a jury or with an advisory jury shall not be set aside unless they are clearly erroneous, after giving due regard to the trial court's opportunity to judge the credibility of witnesses. Minn.R. Civ.P. 52.01. Appellant asks us to review the sufficiency of the evidence for several of the trial court's meticulous findings of fact; specifically, that the incidents of harassment prior to July 1987 were compensable as part of a continuing pattern, that respondent was a victim of retaliation and constructive discharge, and that respondent is entitled to $70,000 in emotional distress damages, as well as various other particular findings. We find no error.

There is no dispute that the statute of limitations period, 300 days prior to the action, began on July 23, 1987; that several incidents of harassment occurred prior to this, and that appellant ultimately reacted to the September 1987 incident by firing the harasser. Appellant contends that the firing was an appropriate reaction to this incident, and that all other incidents are barred by the statute of limitations. However, there is sufficient evidence to support the trial court's findings that appellant's failure to keep adequate records resulted in an inappropriate early choice to merely reprimand the September offender, in spite of his similar conduct six months earlier, and that earlier incidents were compensable as part of the continuing pattern of harassment enabled by appellant's failure to establish a dependable harassment policy, to maintain adequate records of harassment incidents, and to treat harassment with appropriate seriousness throughout the period of respondent's employment. *See Hub-*
*bard v. United Press Int'l,* 330 N.W.2d 428, 440 n. 11 (Minn.1983) (discussing the continuous violation doctrine).

The record includes conflicting evidence as to appellant's retaliation and constructive discharge of respondent after learning that she complained of harassment and learning later that she contacted the Human Rights Department. These conflicts are resolved by a determination of the credibility of the various witnesses, and that determination is within the discretion of the trial court. There is sufficient if not uncontested evidence to support the findings that appellant retaliated by unreasonably disciplining respondent for minor infractions, by failing to prevent other employees from harassing her, and by giving her the impression that her employment was in jeopardy; and that she was constructively discharged from her employment. Given this evidence, the findings were not clearly erroneous, and cannot be overturned.

Appellant contests the grant of $20,000 for respondent's future emotional distress, arguing that she is not presently in distress. However, two psychiatrists testified that appellant is in need of continuing treatment; the advisory jury agreed with the trial court judge that respondent would incur medical expenses for continued therapy. These facts support the finding that respondent is entitled to compensation for her future emotional distress. Appellant also challenges the total emotional distress award of $70,000 on the grounds that respondent was harassed not by management but by co-workers, and that management took her complaints seriously and acted on them, but the trial court's findings refute this challenge and are amply supported by the evidence.

Appellant cites other particular findings, but we find none of them material to the trial court's primary decision. We share appellant's view that the trial court at one point confused appellant's reactions to incidents in March and in September of 1987, but conclude that this confusion does not detract from the finding of a continuous pattern of harassment.

## DECISION

The trial court's award of damages and findings of fact must be sustained; its failure to dismiss the claim of negligent infliction of emotional distress is reversed.

Affirmed in part and reversed in part.